UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CLEVELAND J. WHITE FEATHER,

    Plaintiff,

  v.

UNITED STATES OF AMERICA,

    Defendant.

Civil No. 20-cv-182-JPG
Criminal No. 11-cr-40060-JPG

**MEMORANDUM AND**
**ORDER TO SHOW CAUSE**

    This matter comes before the Court on petitioner Cleveland J. White Feather's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1).

    On April 24, 2013, a jury found White Feather guilty of one count of murder by a federal prisoner serving a life sentence in violation of 18 U.S.C. § 1118. At sentencing on August 1, 2013, the Court sentenced White Feather to serve a life sentence in prison, the only sentence available under the circumstances. *See* 18 U.S.C. § 1118(a). White Feather appealed his sentence, but on September 29, 2014, the Court of Appeals affirmed the Court's judgment. *See United States v. Feather*, 768 F.3d 735 (7th Cir. 2014). White Feather did not seek a writ of *certiorari* from the United States Supreme Court.

    White Feather filed the pending § 2255 motion in February 2020. He claims his counsel was constitutionally ineffective in violation of his Sixth Amendment right to counsel because he failed to file motions or file a notice of appeal on White Feather's behalf. He also claims his conviction was obtained in violation of his Fifth Amendment right against self-incrimination and right to disclosure of exculpatory information pursuant *Brady v. Maryland*, 373 U.S. 83, 87 (1963). He specifically claims attorney Brian Trentman, one of the two counsel appointed to

represent him before the Government gave notice it would not be seeking the death penalty, had a conflict of interest because Trentman was for running for election as a state court judge during his representation of White Feather, and that Daniel Schattnik, White Feather's other counsel, allowed this conflict to happen.  He further claims one of the Government's witnesses at trial committed perjury when he testified he was working at USP-Marion at a certain time when he really was not.  He asserts that other witnesses for the Government also committed perjury.  He also complains that the Court did not allow him to question a USP-Marion Correctional Counselor who authored an investigation report.  Finally, White Feather objects to a statement made by the Court at some unidentified time that he believes invaded the province of the jury.

The Court conducts its preliminary review of his § 2255 motion pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.  The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States."  28 U.S.C. § 2255.  However, "[r]elief under § 2255 is available 'only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice.'"  *United States v. Coleman*, 763 F.3d 706, 708 (7th Cir. 2014) (quoting *Blake v. United States,* 723 F.3d 870, 878-79 (7th Cir. 2013)).  It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b); *see Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009).

There is a one-year statute of limitations applicable to § 2255 motions set forth in 28 U.S.C. § 2255(f):

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of –

  (1)  the date on which the judgment of conviction becomes final;

  (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

  (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

It appears that the applicable one-year period for White Feather was triggered by either § 2255(f)(1) or (2); he has not asserted any new right recognized by the Supreme Court or any newly discovered evidence.

Under § 2255(f)(1), White Feather's conviction became final on December 28, 2015. Where a petitioner does not seek a writ of *certiorari* from the United States Supreme Court, his conviction becomes final for § 2255 purposes when the time expires for filing a petition for a writ of *certiorari*. *Clay v. United States*, 537 U.S. 522, 524-25 (2003). The period for filing such a petition expires 90 days after the court of appeals enters the judgment or the order sought to be appealed. S. Ct. R. 13(1) & (3). Thus, White Feather's conviction became final on December 28, 2014, 90 days after the Court of Appeals affirmed his conviction on September 29, 2014. He had one year after that – up to December 28, 2015 – to file this § 2255 motion. His April 2020 § 2255 motion was more than five years too late.

White Feather's motion suggests the relevant triggering date may be determined under § 2255(f)(2) because he was kept in solitary confinement at ADX-Florence without access to a law library from his sentencing until May 23, 2018. However, even if White Feather's limitations period did not begin to run until he was given access to a law library in May 2018, he

would have had until May 2019 to file a timely § 2255 motion.  His February 2020 § 2255 motion would be untimely under § 2255(f)(2) as well.

In light of the foregoing, the Court believes White Feather's motion is barred by the one-year limitations period set forth in § 2255(f).  However, because White Feather was not required to articulate his statute of limitations arguments in his § 2255 motion, the Court will give him an opportunity to do so now before finally deciding the issue.

For the foregoing reasons, the Court **ORDERS** White Feather to **SHOW CAUSE** on or before June 5, 2020, why the Court should not dismiss his § 2255 motion as untimely under § 2255(f).  The Government shall have up to and including June 26, 2020, to reply to White Feather's response to this order.  These briefs should only address the statute of limitations argument.

**IT IS SO ORDERED.**
**DATED:  May 11, 2020**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**