UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CLEVELAND J. WHITE FEATHER,

    Plaintiff,

  v.

UNITED STATES OF AMERICA,

    Defendant.

Civil No. 20-cv-182-JPG
Criminal No. 11-cr-40060-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Cleveland J. White Feather's response (Doc. 3) to the Court's May 11, 2020, order to show cause (Doc. 2) why the Court should not dismiss his motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) as untimely under § 2255(f). The Government has replied to White Feather's response (Doc. 4).

On April 24, 2013, a jury found White Feather guilty of one count of murder by a federal prisoner serving a life sentence in violation of 18 U.S.C. § 1118. At sentencing on August 1, 2013, the Court sentenced White Feather to serve a life sentence in prison, the only sentence available under the circumstances. *See* 18 U.S.C. § 1118(a). White Feather appealed his sentence, but on September 29, 2014, the Court of Appeals affirmed the Court's judgment. *See United States v. Feather*, 768 F.3d 735 (7th Cir. 2014). White Feather did not seek a writ of *certiorari* from the United States Supreme Court. White Feather filed the pending § 2255 motion in February 2020.

On May 11, 2020, the Court ordered White Feather to show cause why his motion should not be dismissed as untimely under § 2255(f). The Court noted that it appeared White Feather filed his § 2255 motion beyond the one-year period described in 28 U.S.C. § 2255(f)(1), the year

after his conviction became final.  Giving him the benefit of the mailbox rule of *Houston v. Lack*, 487 U.S. 266, 276 (1988), White Feather is considered to have filed his motion on or about February 13, 2020.  That is more than five years after his conviction became final on December 28, 2014,[1] the last day he could have filed a petition for a writ of *certiorari* from the Court of Appeals' September 29, 2014, decision affirming his sentence.  *See Clay v. United States*, 537 U.S. 522, 524-25 (2003) (finding conviction final 90 days after a court of appeals judgment or order where defendant does not file a petition for a writ of *certiorari*); S. Ct. R. 13(1) & (3).

The Court further rejected White Feather's suggestion that, under § 2255(f)(2), his one-year period to file a § 2255 motion began in May 2018 when he was released from solitary confinement at ADX-Florence and finally had access to a law library.  If May 2018 began his one-year period, that period expired in May 2019, and his February 2020 motion was still too late.  Having explained all this, the Court gave White Feather an opportunity to show cause why the Court should not dismiss his § 2255 motion as untimely.

In his response, White Feather does not dispute the Court's conclusion that this § 2255 motion is too late using the triggers for the one-year limitation period set forth in § 2255(f)(1) and (2).  Instead, he only argues his motion's merits.  This is insufficient to show his § 2255 motion was timely.  Accordingly, the Court will deny that motion.

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings and Rule 22(b)(1) of the Federal Rules of Appellate Procedure, the Court considers whether to issue a certificate of appealability of this final order adverse to the petitioner.  A § 2255 petitioner may not proceed on appeal without a certificate of appealability.  28 U.S.C. § 2253(c)(1); *see Ouska v. Cahill-*

---

[1] The Court's previous order erroneously stated that White Feather's conviction became final on December 28, *2015*; it actually became final on December 28, *2014*.

*Masching*, 246 F.3d 1036, 1045 (7th Cir. 2001).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *see Tennard v. Dretke*, 542 U.S. 274, 282 (2004)*; Ouska*, 246 F.3d at 1045.  To make such a showing where the Court denies relief on procedural grounds, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added); *accord Gonzalez v. Thaler*, 565 U.S. 134, 140-141 (2012).  Thus, disputes about procedural or statutory issues in a case cannot justify a certificate of appealability unless "a substantial constitutional issue lurks in the background, and the statutory question is independently substantial."  *Ramunno v. United States*, 264 F.3d 723, 725 (7th Cir. 2001) (question of a petition's timeliness) (citing *Slack*, 529 U.S. at 483-85).  The Court finds that reasonable jurists would not find the underlying constitutional claims *and* the procedural rulings in this case debatable.  Accordingly, the Court will decline to issue a certificate of appealability.

For the foregoing reasons, the Court:

- **DENIES** White Feather's § 2255 motion as untimely (Doc. 1);
- **DECLINES** to issue a certificate of appealability; and
- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:  June 26, 2020**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**